# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:12-cv-00174-MR-DSC

| | |
|---|---|
| TERRY LEE MCINTYRE, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>C. PHILIP GINN, GERALD W. )<br>WILSON, DONALD STREET, )<br>)<br>Defendants )<br>)<br>_____ ) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Defendants' "Motion[s] to Dismiss [Complaint]" (documents ##7 and 9), Defendants' "Motion[s] to Dismiss [Amended Complaint]" (documents ##12 and 14), as well as the parties' briefs and exhibits. See documents ##8, 10, 13, 15, and 17 -20.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for the Court's consideration.

It is well settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint). Accordingly, the undersigned respectfully recommends that Defendants' "Motion[s] to Dismiss [Complaint]" (documents ##7 and 9) be denied as moot.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' "Motions[s] to Dismiss [Amended

Complaint]" (documents ##12 and 14) be granted, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 18, 2012, Plaintiff filed his pro se Complaint against Mitchell County Sheriff Donald Street, District Attorney Gerald Wilson, and Superior Court Judge C. Philip Ginn. Following the filing of Defendants' initial Motions to Dismiss, Plaintiff filed a timely Amended Complaint (document #11).

Pursuant to 42 U.S.C. § 1983, Plaintiff seeks damages as well as declaratory and injunctive relief against criminal prosecution for any potential offenses arising from his operation of an internet sweepstakes business. Taking the factual allegations of the Amended Complaint as true, Plaintiff contacted Defendant Street to ask if the operation of a sweepstakes business would be legal. Defendant Street allegedly told Plaintiff that "[the Sheriff] had no problem" with the business. Plaintiff allegedly purchased thirty machines and incurred start-up expenses. On the day Plaintiff planned to open the business, Defendant Street advised him that he should close down because "[Defendant District Attorney] Jerry Wilson was coming after the machines." Apparently Plaintiff has not opened the sweepstakes business because of the alleged threat of criminal prosecution.

Plaintiff does not challenge the constitutionality of a state law. Instead, he asks this Court to enforce state law. See "Amended Complaint" at 3 ("Gerald Wilson D.A. not going by N.C. state law and making up his own laws").

On August 15 and 17, 2012, respectively, Defendants filed their second Motions to Dismiss. The Motions have been fully briefed and are ripe for determination.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009), quoting Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. 129 S. Ct. at 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1951 (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true), citing Twombly, 550 U.S. at 554-55. Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950.

Second, to the extent there are well-pleaded factual allegations, the court should assume their

3

truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1951. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id., quoting Fed. R. Civ. P. 8(a)(2). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id. at 1951-52.

Plaintiff seeks to enjoin a prospective state criminal prosecution. He must allege more than the threat of prosecution. Plaintiff must also allege an intention to engage in constitutionally protected conduct that is proscribed by statute. Steffel v. Thompson, 415 U.S. 452, 475 (1974). See also Berry v. Schmitt, __F.3d__, 2012 U.S. App. LEXIS 15513 at *8 (6th Cir. 2012) (for Article III standing "a plaintiff must still satisfy the injury-in-fact requirement by showing: (1) 'an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute' and (2) 'a credible threat of prosecution thereunder'"); Doe v. Sorsai, 2012 U.S. Dist. LEXIS 100423 at *27-28 (S.D.W.Va. 2012) (In the context of future enforcement action, prosecutor may be enjoined only when state law he seeks to enforce is "blatantly unconstitutional"); Fox v. Reed, 2000 U.S. Dist. LEXIS 3318 at *20 (E.D. La. 2000) (in order to seek prospective relief, plaintiff must show "at a minimum ... an intention to engage in constitutionally protected conduct that is proscribed by [a] statute and a credible threat of prosecution under the statute").

Plaintiff does not challenge the constitutionality of any North Carolina statute. Rather, he argues that state law should be enforced. Accordingly, Plaintiff has failed to establish a basis for

federal jurisdiction.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants' "Motion[s] to Dismiss [Complaint]" (documents ##7 and 9) be **DENIED AS MOOT**; and that Defendants' "Motions[s] to Dismiss [Amended Complaint]" (documents ##12 and 14) be **GRANTED**.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Martin Reidinger.

**SO RECOMMENDED AND ORDERED.**

Signed: September 28, 2012

David S. Cayer
United States Magistrate Judge