THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12cv174

| | |
|---|---|
| TERRY LEE McENTYRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| C. PHILIP GINN, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Defendants' Motions to Dismiss [Docs. 7, 9, 12, 14]; the Magistrate Judge's Memorandum and Recommendation regarding the disposition of those Motions [Doc. 21]; and the Plaintiff's Response [Doc. 22] filed on October 17, 2012.

The Defendants have filed motions to dismiss contending that the Plaintiff's Complaint, as originally filed and as amended, fails to state a claim upon which relief can be granted. [Docs. 7, 9, 12, 14]. Further, the Magistrate Judge has issued a Memorandum and Recommendation [Doc. 21], recommending that the Defendants' motions to dismiss the Plaintiff's Complaint be denied as moot and that the Defendants' motions to dismiss the Plaintiff's Amended Complaint be granted. The Plaintiff was advised that any

objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. [Id.]. While the Plaintiff responded to the Magistrate Judge's Recommendation within the time for filing objections [Doc. 22], such response fails to make any specific objections to the Magistrate Judge's Recommendation.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Plaintiff, who is proceeding *pro se*, is cautioned that the Court is required to make a *de novo* determination only of those portions of the Magistrate Judge's Recommendation to which a specific objection is made. 28 U.S.C. § 636(b)(1); United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection"). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed

2

findings and recommendations." <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982). Failure to file timely, appropriate objections will also preclude the Plaintiff from raising such objections on appeal. <u>Thomas</u>, 474 U.S. at 147, 106 S.Ct. 466; <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 316 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997).

**IT IS, THEREFORE, ORDERED** that the Plaintiff may file written objections to the Memorandum and Recommendation no later than November **1, 2012**.

**IT IS SO ORDERED.**

Signed: October 19, 2012

Martin Reidinger
United States District Judge